**UNTIED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

RONNIE BURTON,

               Plaintiff,                    CASE NO. 11-12511

v.

                                              HON. MARIANNE O. BATTANI

Y.GILLESPIE, ALETHA STEWARD, AND
M.CONNER,

               Defendants.

_____/

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S APPLICATIONS TO**
**PROCEED IN FORMA PAUPERIS AND FOR APPOINTMENT OF COUNSEL**

       This matter is before the Court on Plaintiff Ronnie Burton's Application to Proceed *In Forma Pauperis* (Doc. 2) and his Application for Appointment of Counsel Financial Affidavit (Doc. 3).  The Court has reviewed Plaintiff's applications, and for the reasons that follow, the Court **DENIES** without prejudice his request to proceed in forma pauperis and his request for the appointment of counsel.

       The standards governing in forma pauperis motions are set forth in 28 U.S.C. § 1915(a).  The district court may authorize the commencement of a civil action without the prepayment of fees or costs by a person who submits an affidavit that he "is unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a)(1).  The district court must examine the financial condition of the applicant to determine whether the payment of fees would cause an undue financial hardship.  Prows v. Kastner, 842 F.2d 138, 140 (5th Cir.), cert. denied, 488 U.S. 941 (1988).

       The Court cannot consider Plaintiff's applications at this time because they are incomplete.  Plaintiff did not date or sign, under penalty of perjury, his in forma pauperis

application.  He also did not complete the creditor section in the application for the appointment of counsel.  Additionally, the Court notes an inconsistency between his applications.  Plaintiff lists three dependents in the application for counsel.  (Doc. 3 at 2).  In the application to proceed in forma pauperis, the dependent section is blank.  (Doc. 2 at 2).  The inconsistent and incomplete nature of the applications prevents the Court from determining whether the payment of fees would cause Plaintiff an undue financial hardship.  Therefore, Plaintiff's applications are **DENIED** without prejudice.  Accordingly, Plaintiff may file completed applications on or before August 25, 2011 or pay the full filing fee on or before September 8, 2011.

     **IT IS SO ORDERED.**

                                s/Marianne O. Battani
                                MARIANNE O. BATTANI
                                UNITED STATES DISTRICT JUDGE

DATE:  August 12, 2011

CERTIFICATE OF SERVICE

     I hereby certify that on the above date a copy of this Order was served upon the Plaintiff, Ronnie Burton via ordinary U.S. Mail.

                                  s/Bernadette M. Thebolt
                                  Case Manager